CASE 91—INDICTMENT—NOVEMBER 22.

## Lovell v. Commonwealth.

### APPEAL FROM LAUREL CIRCUIT COURT.

JAILERS—MISFEASANCE IN OFFICE.—Where a prisoner has been sentenced to hard labor in lieu of imprisonment in the county jail, the failure of the jailer to require him to work at all times for the benefit of the county, or to require him to labor so long each day as the statute requires, does not amount to misfeasance in office, but merely subjects the jailer to the penalty prescribed for a violation by him of the statute providing for the working of convicts for the benefit of the county.

WM. LINDSAY FOR APPELLANT.

The failure of a jailer to perform the duties prescribed by the act of April 10, 1878, does not amount to misfeasance in office and is not punishable as such. (Bullitt & Feland's Statutes, 1887, pp. 464, 465; Gen. Stats., chap. 61, art. 1, secs. 4, 6.)

E. PARKER OF COUNSEL ON SAME SIDE.

WM. J. HENDRICK, ATTORNEY-GENERAL, FOR APPELLEE.

Appellant's failure to perform the duties prescribed by the act of April 10, 1878, constituted misfeasance in office. (Gen. Stats., chap. 61, art. 1, sec. 6; McBride v. Commonwealth, 4 Bush, 331.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The appellant being the jailer of Laurel county, and while acting as such, took into his custody, under a capias properly issued, the body of G. W. Goff, the latter having been sentenced to confinement in the county jail until he satisfied certain fines imposed upon him for violating the

penal laws of the State. The jailer was to see that he worked at hard labor upon such public works as provided by the statute, viz., county roads, streets or alleys, &c., or on some public building, until his labor discharged the fine, if not otherwise paid. (See Gen. Stats., chap. 29, p. 464.) For a failure to discharge any of the duties imposed upon him by the act referred to, the jailer is made liable to pay a fine of not less than five nor more than fifteen dollars.

It seems from the testimony that the jailer was a little too lenient toward the prisoner, and placed him occasionally at work not authorized by the statute. He permitted or required him, when out of jail, to carry water to those on the inside of the jail, and occasionally to the house in which the jailer resided for the use of his family. He was also required to clean up the court-house, but for much of the time was at work on the fence around the public square and repairing a well that was of a public nature.

The Commonwealth, instead of proceeding under the statute imposing a light penalty, to be recovered by warrant, indicted the appellant for misfeasance in office. He was tried under the indictment, found guilty, and his fine assessed at fifty dollars, for which a judgment was rendered and his office declared forfeited by reason of section 36 of article 4 of the Constitution of 1850.

This indictment is found under chapter 61 of the General Statutes relating to jailers and prescribing their duties. The jailer received the prisoner into his custody, discharged him when the time expired, and there is nothing showing that he violated any of his duties as jailer as prescribed by section 4 of article 1 of chapter 61. The

extent of this jailer's offending is that he did not require Goff to work at all times for the benefit of the county, and, perhaps, failed to make him labor as long on each day as the statute required; but this was not such a misfeasance in his office as should cause its forfeiture, but was a violation of the statute of April 10, 1878, imposing this slight penalty for a dereliction of duty, and the court below, instead of telling the jury that sweeping out the court-house and carrying water for the jailer was not the work required by the statute, should have dismissed the indictment and remanded the Commonwealth to its proceeding by warrant.

We do not mean to say that a willful refusal to receive a prisoner, or to discharge him after he is in custody, as the law requires, is not an indictable offense, although the prisoner is confined under the first statute referred to; but what we do mean is, that the proof warrants no forfeiture of office for a violation of any of the duties imposed by chapter 61 of the General Statutes, and the lesser penalty was intended to apply where there might be a slight departure from a line of duty that did not amount to willful neglect or misfeasance or malfeasance in office.

The offense for which the accused was tried, if found guilty, lost him his office as jailer, and the fact that the jailer required his prisoner to clean up the court room, or carry water to his family on one or two occasions (particularly when it was a mere inadvertence on his part), instead of working him on the street all the while, is not such a grave offense as would subject the accused to a heavy fine and at the same time deprive him of the right to hold longer the office. Such was never contemplated

by the framers of the Constitution, and no such penalty should be enforced in this case.

The judgment is reversed, and remanded, with directions to set aside the judgment forfeiting appellant's office, as well as the fine imposed, and to dismiss the indictment.